OPINION
{¶ 1} Appellant William Camp appeals the decision of the Delaware County Court of Common Pleas that classified him a sexual predator. The following facts give rise to this appeal.
 {¶ 2} On February 11, 2005, the Delaware County Grand Jury indicted appellant on three counts of corrupting another with drugs and ten counts of unlawful sexual conduct with a minor. Appellant originally entered a plea of not guilty. However, on July 12, 2005, appellant withdrew his not guilty plea and entered a plea of guilty to count three, corrupting another with drugs; and counts four, five, six, and thirteen, unlawful sexual conduct with a minor. The State of Ohio dismissed the remaining counts.
 {¶ 3} On November 9, 2005, the trial court conducted a sentencing hearing and a sex offender classification hearing. At this hearing, the trial court classified appellant a sexual predator. Thereafter, on November 22, 2005, the trial court conducted another hearing to correct errors that arose during the sentencing hearing and sex offender classification hearing.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT'S DETERMINATION THAT MR. CAMP SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO R.C. 2950 ET SEQ., WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BY THE STATE OF OHIO AT THE SEXUAL OFFENDER CLASSIFICATION HEARING (SIC)
 {¶ 6} "II. THE TRIAL COURT FAILED TO CONSIDER ALL OF THE RELEVANT FACTORS LISTED IN R.C. 2950.09(B)(3) IN CLASSIFYING MR. CAMP AS A SEXUAL PREDATOR."
 I, II {¶ 7} We will address appellant's First and Second Assignments of Error simultaneously as both arguments are interrelated. In his First Assignment of Error, appellant maintains the trial court's determination that he should be classified a sexual predator is against the manifest weight of the evidence. Appellant contends, in his Second Assignment of Error, the trial court failed to consider all of the relevant factors listed in R.C. 2950.09(B)(3) in classifying him a sexual predator. We disagree with both arguments.
 {¶ 8} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Therefore, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. According to this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 9} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination. These factors are as follows:
 {¶ 10} "(3) In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 11} "(a) The offender's or delinquent child's age;
 {¶ 12} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 15} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 18} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 21} The trial court shall determine the offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C.2950.09(C)(2)(b). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate; being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 22} In the case sub judice, appellant contends the state failed to present sufficient evidence to establish, by clear and convincing evidence, that he is likely to engage in the future in one or more sexually oriented offenses. Specifically, appellant challenges a report and a letter submitted at the sex offender classification hearing. The first piece of evidence considered by the trial court was a report prepared by Lisa Rhees, the Executive Director of STOP, Inc. The report is titled, "Sex Offender Risk Assessment Summary." Appellant challenges the report because Ms. Rhees did not submit a curriculum vitae indicating her qualifications to make an assessment of him. Appellant also claims Ms. Rhees' report is lacking any real discussion of the relevant statutory factors set forth in R.C.2950.09(B)(3). Appellant also challenges the fact that Ms. Rhees used the STATIC-99 test to assess his likelihood to recidivate.
 {¶ 23} The second piece of evidence considered by the trial court was a letter, from Ms. Rhees, dated October 26, 2005. In this letter, Ms. Rhees discussed appellant's score on the STATIC-99. Appellant argues the letter is nothing more than an apology that her initial report was not firm enough. Appellant further maintains the letter provides no expert opinion or analysis of any of the relevant statutory factors to be considered by the trial court in making its determination.
 {¶ 24} We begin our review of appellant's arguments by first noting that appellant did not object to the introduction of the evidence he now challenges on appeal. In fact, the trial court specifically inquired of the parties, at the sex offender classification hearing, whether they had any objection to the court considering the facts recited in the pre-sentence investigation report and the two reports from STOP, Inc. Tr. Hrng., Nov. 9, 2005, at 3. Both parties indicated they did not object to the trial court considering this information. Id.
 {¶ 25} Because appellant failed to object, we must consider this argument under a plain error analysis. Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 26} In support of his challenge to Ms. Rhees' report and letter, appellant cites the case of State v. Marshall,
Montgomery App. No. 19239, 2002-Ohio-5131. In Marshall, the Second District Court of Appeals held the trial court abused its discretion by failing to address a number of relevant statutory factors and by failing to make adequate findings to support its decision to classify the defendant a sexual predator. Id. at ¶ 30. Appellant argues Ms. Rhees and the trial court failed to do the same.
 {¶ 27} In analyzing appellant's argument, we note that pursuant to R.C. 2950.09(B)(3), it is the trial court judge that is required to consider the relevant factors set forth in the statute. There is no statutory requirement that those evaluating a person for purposes of a sex offender classification hearing also consider these factors. It may be helpful for the trial court if the experts conducting the evaluation consider the statutory factors, however, the statute is clear that it is the trial court judge that is required to apply the statutory factors in making its determination.
 {¶ 28} Therefore, the fact that Ms. Rhees may not have addressed each statutory factor in her evidence submitted to the trial court does not rise to the level of plain error and therefore, is not grounds for reversal. Further, we find theMarshall decision does not support appellant's argument because it is factually distinguishable in that it concerned a trial court's failure to address the statutory factors contained in R.C. 2950.09(B)(3).
 {¶ 29} In his Second Assignment of Error, appellant claims the trial court failed to consider the statutory factors found in R.C. 2950.09(B)(3). We have reviewed the transcript in this matter and the judgment entry on sexual predator hearing. In the judgment entry, the trial court reviewed the evidence it considered in making its determination as well as the statutory factors contained in the statute. Further, unlike in Marshall,
the trial court addressed each factor and specifically discussed the facts of this case that applied to each factor. Accordingly, based upon the trial court's analysis, we find the conclusion that appellant should be designated a sexual predator is not against the manifest weight of the evidence and does not rise to the level of plain error.
 {¶ 30} Appellant's First and Second Assignments of Error are overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs assessed to Appellant.